UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICKY TIMMONS,

        Plaintiff,

v.                        Case No. 8:09-cv-1190-T-17TGW

POLK COUNTY SHERIFF'S OFFICE,
FNU HELM,

        Defendants.

---

## ORDER

This cause is before the Court on Defendant Polk County Sheriff's Office's Motion To Dismiss Plaintiff Timmons' 42 U.S.C. § 1983 civil rights complaint (Doc. No. 13) and Plaintiff Timmons' response to the motion to dismiss. (Doc. No. 24).

Defendant contends that Plaintiff has not alleged the necessary continuing, widespread, consistent pattern of unconstitutional misconduct that is necessary to hold it liable. Furthermore, Plaintiff did not allege that the violation occurred as a result of some custom or official policy of the Sheriff's Office, and there is no respondeat superior liability under 42 U.S.C. §1983.

STANDARD OF REVIEW FOR RULE 12(b)(6) MOTIONS TO DISMISS

On a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must view the complaint in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). Thus, "when ruling on a defendant's motion to

1

dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). The rules of pleading require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed.R.Civ.P. While a complaint attacked by a Rule 12(b)(6) motion need not be buttressed by detailed factual allegations, the plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007). As a general proposition (and setting aside for the moment the special pleading requirements that attach to § 1983 claims subject to a qualified immunity defense), the rules of pleading do "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. Judicial inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson*, 127 S.Ct. at 2200 (quoting *Twombly*, 127 S.Ct. at 1964). Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965.

*Twombly* applies to § 1983 prisoner actions. *Douglas v. Yates*, 535 F.3d 1316 (11th Cir. 2008). As the Eleventh Circuit has explained, "[w]e understand *Twombly* as a further articulation of the standard by which to evaluate the sufficiency of all claims brought pursuant to Rule 8(a)." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n. 43 (11th Cir. 2008).

A Complaint may not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lopez v. First Union Nat'l Bank*, 129 F.3d 1186, 1189 (11th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). On a motion to dismiss, the Court limits its considerations to the pleadings and exhibits attached thereto. *GSW v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

## DISCUSSION

Plaintiff failed to state a claim which would impose liability against Defendant, POLK COUNTY SHERIFF'S OFFICE, for violation of his civil rights. The doctrine of respondeat superior does not apply in Section 1983 cases. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2018. 56 L.Ed.2d 611 (1978) A municipality may be liable under 42 U.S.C. §1983 for deprivation of constitutional rights when they have an official policy that was the ". . . moving force of the constitutional violation " *Id.* at 436 U.S. at 694.

To establish the existence of governmental custom for the purpose of holding a governmental entity liable under Section 1983, plaintiffs must prove the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees, deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct, and injury as a result of that custom or policy. *Thelma D. By and Through Delores A. v. Board of Educ. of City of St. Louis*, 934 F.2d 929 (8th Cir. 1991); *Simmons v. City of Philadelphia*, 947 F.2d 1042 (3d Cir. 1991). Plaintiff has failed to allege the

necessary "continuing, widespread, persistent pattern" of unconstitutional misconduct by the POLK COUNTY SHERIFF'S OFFICE that is necessary to sustain a Section 1983 claim against it. Plaintiff has failed to allege the deliberate indifference to or tacit authorization of such conduct that occurred (prior to his incident) as a result of some custom or policy of the POLK COUNTY SHERIFF'S OFFICE. Plaintiff's complaint on pages B15 - B19 merely lists incidents and grievances that allegedly occurred after his incident. Furthermore, Plaintiff did not allege any facts which would establish that patterns of misconduct by the POLK COUNTY SHERIFF'S OFFICE were the "moving force" of the alleged constitutional violation. Therefore, Plaintiff's civil rights claims against Defendant, POLK COUNTY SHERIFF'S OFFICE, must be dismissed.

Accordingly, the Court orders:

1. That Defendant POLK COUNTY SHERIFF'S OFFICE'S motion to dismiss the complaint (Doc. No. 13) is granted. The Clerk is directed to enter judgment for the POLK COUNTY SHERIFF'S OFFICE.

2. That Plaintiff's motion to strike Defendant's motion to dismiss (Doc. No. 23) is denied as moot.

ORDERED at Tampa, Florida, on November 25th, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Ricky Timmons