UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICKY TIMMONS,

    Plaintiff,

v.                              Case No. 8:09-cv-1190-T-17TGW

JASON HELM,

    Defendant.

_____

## ORDER

This cause is before the Court on Defendant Jason Helm's motion for summary judgment and supporting memorandum of law (Docs. 69, 70) and Plaintiff Ricky Timmons's response(s) in opposition to the motion for summary judgment. (Docs. 79, 80). A review of the record demonstrates that Defendant Helm is entitled to judgment as a matter of law.

## BACKGROUND

Timmons is currently incarcerated at Taylor Correctional Institution, Perry, Florida. At the time of the incident about which he complains, Timmons was incarcerated at South County Jail, Frostproof, Florida, on charges unrelated to the present action. Frostproof is in Polk County, Florida. On June 25, 2009, Timmons filed a 42 U.S.C. § 1983 civil rights complaint. He is proceeding on his amended complaint (Doc. 36) (hereinafter, "complaint") in which he alleges that Defendant Helm, who was a Detention Deputy with the Polk County Sheriff's Office, used excessive force, maliciously and sadistically placing Timmons in a wrist-lock, in violation of Timmons's Eighth Amendment right to be free from cruel and unusual punishment.

Timmons seeks $1,500,000 for physical, emotional and psychological suffering.

## STANDARD OF REVIEW FOR SUMMARY JUDGEMENT

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgement as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing the Court, by reference to material on file, that there are no genuine issues of material fact that should be decided at trial. *See Celotex Corp. v. Catrell*, 477 U.S. 317 (1986). A moving party discharges its burden on a motion for summary judgment by "showing" or "pointing out" to the Court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325. Rule 56 permits the moving party to discharge its burden with or without supporting affidavits and to move for summary judgement on the case as a whole or on any claim. *See id.* When a moving party has discharged its burden, the non-moving party must then "go beyond the pleadings," and by its own affidavits, or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing there is a genuine issue for trial. *Id.* at 324.

In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgement as a matter of law, the Court must draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *See Samples on behalf of Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988). The Eleventh Circuit has explained the reasonableness standard:

> In deciding whether an inference is reasonable, the Court must "cull the universe of possible inferences from the facts established by weighing each against the abstract standard of reasonableness." [citation omitted]. The opposing party's inferences need not be more probable than those inferences in favor of the movant to create a factual dispute, so long as they reasonably can be drawn from the facts. When more than one inference reasonably can be drawn, it is for the trier of fact to determine the proper one.

*WSB-TV v. Lee*, 842 F.2d 1266, 1270 (11th Cir. 1988).

Thus, if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the Court should not grant summary judgment. *See Augusta Iron & Steel Works v. Employers Ins. of Wausau*, 835 F.2d 855, 856 (11th Cir. 1988). An issue is material if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. V. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). A dispute about a material fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The inquiry rests with "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. As a threshold matter, there must be sufficient evidence upon which a reasonable juror could find for the non-moving party. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1189 (11th Cir. 2010).

## STANDARD OF REVIEW FOR PRISON LITIGATION

The 1996 Prison Litigation Reform Act (PLRA) provides "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without prior showing of physical injury." Title 42 U.S.C § 1997e(e).[1] This "means all federal claims, including constitutional claims." *Id.* at 532 (citing *Harris*

---

[1] Title 42 U.S.C.S. § 1997e(e) applies to lawsuits involving (1) federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody (5) and showing physical injury. *Quinlan v. Pers. Transp. Servs. Co.*, LLC, 329 Fed. Appx. 246, 248 (11th Cir. 2009) (listing the first 4 elements and citing *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002)).

v. *Garner*, 216 F.3d 970, 984-85 (11th Cir. 2000) (en banc)).[2] The Eleventh Circuit has held that "to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312-13 (11th Cir. 2002). The PLRA intends "to reduce the number of frivolous cases filed by imprisoned defendants, who have little to lose and excessive amounts of free time with which to pursue their complaints." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).

## STANDARD OF REVIEW FOR EXCESSIVE FORCE

Mere negligence or incompetence is insufficient to establish a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344, (1986); *Kelley v. Hicks*, 400 F.3d 1282 (11th Cir. 2005). Whether or not a detention deputy's application of force is actionable turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1 (1992); *Whitley v. Albers*, 475 U.S. 312, 320-321 (1986). In order to have a valid claim on the merits of excessive force in violation of the Eighth Amendment Cruel and Unusual Punishment Clause, "the excessive force must have been sadistically and maliciously applied for the very purpose of causing harm." *Johnson v. Breeden*, 280 F.3d 1308, 1322 (11th Cir. 2002).

In *Brown v. Smith*, 813 F.2d 1187 (11th Cir. 1987), the Eleventh Circuit affirmed a summary judgment entered in favor of a guard where he used force on an inmate that refused to enter his cell when ordered to do so. The *Brown* ruling stated that a prisoner may avoid summary judgment "only

---

[2]*Hughes v. Lott*, 350 F.3d 1157 (11th Cir. 2003), held that Section 1997e(e) does not bar suits by prisoners who have not alleged a physical injury if they seek nominal damages. *See Qualls v. Santa Rosa County Jail*, 2010 WL 785646 n.1 (N.D. Fla.).

if the evidence viewed in the light most favorable to him goes beyond a mere dispute over the reasonableness of the force used and will support a reliable inference of wantonness in the infliction of pain." *Id.* at 1188. "Neither the judge nor the jury is free to substitute its own judgment for that of the prison officials." *Id.* If no reliable inference of wantonness in the infliction of pain exists, summary judgment for the defendant is appropriate. *Id.* at 1189. A prisoner's conclusory allegations that a guard acted with malice are insufficient when the actual facts will not support a reliable inference of wantonness. *Id.* at 1190 n.4.

## DEFENDANT'S ALLEGATIONS IN HIS MOTION FOR SUMMARY JUDGEMENT

Helm contends that although he briefly placed Timmons into a wrist-lock on December 19, 2008, he was "horse-playing" and did not maliciously and sadistically harm Timmons. (Affidavit of Jason Helm). Helm states that he tries to keep a good rapport with inmates and that is exactly what he was trying to do with Timmons; moreover, Timmons knew this and they nudged each other after the incident and laughed. *Id.* Helm states that Timmons showed no signs of injury and did not make any complaints; rather, Timmons continued to interact with other inmates and watch television. *Id.* Helm argues, in his motion for summary judgment, that the surveillance CD/DVD shows that Timmons did not grab his shoulder nor wrist to indicate pain, something one would expect to see had an actual injury occurred. (Doc. 69). Instead, Timmons freely used his hands and arms during conversations with other inmates. *Id.* He also stretched his arms over his head at one point and stood for a period of time with his hands clasped behind his back. *Id.* A nurse saw Timmons later and noted that he refused medical attention. *Id.* Assuming, arguendo, that Timmons did sustain an injury, his injuries must be considered de minimis. *Id.* Timmons's post-incident actions indicate no lack of physical impairment. *Id.*

Helm contends, in his motion for summary judgement, that Timmons may argue that Helm's use of force was not applied in a good faith effort to maintain or restore discipline because Timmons was just standing in the area watching television. (Doc. 69). If anything, Helm's actions were not "appropriate" under the circumstances and might give rise to a state court claim for negligence, but not to a Section 1983 claim for violation of Timmons's constitutional rights. *Id.*

Finally, Helm maintains that viewing the evidence in the light most favorable to Timmons, Timmons cannot produce evidence to support a reliable inference of wantonness in the infliction of pain, and his conclusory allegations remain insufficient to meet his burden to show that a genuine issue of material fact remains. *Id.*

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

Timmons claims that Helm maliciously and sadistically placed him in a wrist-lock with enough force to cause excruciating pain as evidenced by the view on the CD/DVD of Timmons's bending over during the incident; thus, constituting a genuine issue of material fact that precludes summary judgment for Helm. (Docs. 36, 79). In Timmons's estimation, Helm's action represents excessive force and a violation of Timmons's constitutional rights under the Eighth Amendment. (Doc. 36). Timmons claims that Helm's conduct was needless as Timmons was quietly watching television and not causing any kind of disturbance when this incident occurred. *Id.* Timmons maintains that he does not engage in horse-play with officers and at no point acknowledged acceptance of Helm's conduct as such. *Id.* Timmons offers an alternative account of the encounter, stating that during the incident, a verbal exchange took place which the surveillance camera did not record because the surveillance camera has only visual and not audio capabilities. *Id.* According

to Timmons, Helm, after applying the wrist-lock, inquired as to whether it hurt. *Id.* Timmons said, "Yes, it does hurt." Timmons claims that even though he told Helm the wrist-lock hurt, Helm did not let go but instead, increased pressure for about ten seconds forcing Timmons to double over in agony. *Id.*

Moreover, Timmons claims that after a delay of access to medical personnel for 24 days, medical personnel then denied treatment for his injuries, and erroneously placed a notation on the medical evaluation form that Timmons refused medical treatment. *Id.* He claims that the nurse did not render suitable aid and should have made the proper referral to a doctor for a thorough medical evaluation. *Id.* Finally, Timmons maintains that in light of video surveillance and lack of adequate medical evaluation, Helm is not entitled to summary judgment. *Id.*

## DISCUSSION

In the present case, Timmons and Helm disagree as to the intent and effect of Helm's placing Timmons in a wrist-lock: Timmons argues maliciousness and injury while Helm argues playfulness and de minimis injury at most. This is the genuine issue of material fact in that this case turns on the intent and effect of Helm's placing Timmons in a wrist-lock. The CD/DVD surveillance recording of the incident supports Helm's description of playfulness and de minimis injury at most. The weight and significance remains such that no reasonable person, in the exercise of impartial judgment, could decide in Timmons's favor. Helm's contact with Timmons lasted under a minute and Timmons remained on camera for several minutes after the incident without indicating any pain or seeking medical assistance. Helm's conduct does not rise to the level of malicious and sadistic behavior in violation of the Eighth Amendment prohibition against cruel and unusual treatment. As a result of Timmons's exercising his administrative remedies, the department appropriately

reprimanded Helm for his attempting to maintain good rapport with inmates through horse-play.

Although Timmons sought to establish mental, emotional, and physical injury, his claims remain unsubstantiated by the record, as the nurse did not see any need to provide medical assistance. Any mental, emotional, and/or physical injury was de minimis in light of Timmons's remaining in front of the television after the incident and not demonstrating any of the ailments he later complained of experiencing: debilitating pain with mundane movements and inability to hold objects. Upon viewing the recording of the incident that allegedly caused Timmons great anguish, a lay person would not see Timmons in pain, just as the medical professional saw no injuries after a visual examination.

A reasonable fact finder evaluating the evidence from an impartial perspective could not find that a genuine issue of material fact remains in this case. Helm's actions did not rise to the level of being malicious and sadistic so as to violate Timmons's Eighth Amendment right to be free from cruel and unusual punishment. The totality of the evidence presents no sufficiently credible dispute so as to require submission to a jury. Furthermore, the PLRA requires that a Plaintiff establish that he suffered physical injury to proceed in a 42 U.S.C. § 1983 action. Timmons has failed to do so.

Accordingly, this Court orders:

1. That Helm's motion for summary judgement (Docs. 69) is granted.

2. The Clerk is directed to enter judgment for Helm and to close this case.

ORDERED at Tampa, Florida, this 15th day of July, 2010.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record:
Ricky Timmons